UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES FAHEY, | Case No.: 2:25-cv-01044-APG-NJK |
| Plaintiff | **Order Setting Aside Entry of Defaults** |
| v. | [ECF Nos. 5, 14, 34] |
| WALLY'S LAS VEGAS, LLC; RESORTS WORLD LAS VEGAS, LLC; JOHN PEISER; MERCEDES STANLEY; RAY DANIELS; KEITH BJELAJAC; LEAH MANOFF, | |
| Defendants | |

James Fahey filed this lawsuit in Nevada state court on March 25, 2025. ECF No. 1-1. Defendants John Peiser, Ray Daniels, and Leah Manoff were served between April 19 and 29. ECF No. 1-3.  On May 19, Peiser, Daniels, Manoff, and defendants Wally's Las Vegas and Mercedes Stanley[1] filed a Notice of Appearance. ECF No. 1-5.  They did not respond to the complaint because their counsel was still trying to confirm representation of defendant Keith Bjelajac. ECF No. 14 at 8.  The next day, Fahey filed an amended complaint and requested entry of default against Wally's, Peiser, Daniels, and Manoff, which was entered against Peiser, Daniels, and Manoff on June 8. ECF Nos. 1-6, 1-12 at 3.  On June 8, Fahey moved for entry of default judgment against Wally's, Peiser, Daniels, and Manoff. ECF No. 1-12 at 3.  The case was removed to this court a few days later. ECF No. 1.  Fahey now moves to "uphold the entry of default" against Peiser, Daniels, and Manoff from the state court (ECF No. 5), while Peiser,

---

[1] These defendants, along with Keith Bjelajac, are collectively referred to as the Wally's Defendants.

Daniels, and Manoff move to set it aside (ECF No. 14). Fahey also moves for expedited treatment of his motion (ECF No. 34), which I deny as moot.

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The good cause analysis considers whether (1) the defendants "engaged in culpable conduct that led to the default;" (2) the defendants have a meritorious defense; or (3) reopening the default would prejudice Fahey. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (simplified). The defendants bear the burden of showing that any of these factors favors setting aside a default. *Id.* at 926.

The Ninth Circuit has held that a defendant is "culpable" in this context "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Here, Peiser, Daniels, and Manoff filed a Notice of Appearance on May 19 and their counsel was in the process of preparing a motion to dismiss, which was filed two days later. ECF No. 1-7. Counsel was attempting to confirm representation of the last of the Wally's Defendants before filing the motion, in order to avoid serial filings. A few days later, the Wally's Defendants' counsel agreed to accept service of Fahey's first amended complaint for all of his clients, to avoid confusion about the status of service. This negates any inference that Peiser, Daniels, and Manoff were attempting to take advantage of Fahey or manipulate the judicial process. *See TCI*, 244 F.3d . at 697-99.

The Wally's Defendants' motion to dismiss (ECF No. 26) presents sufficient facts that, if true, would constitute a meritorious defense. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). And setting aside the defaults will not

hinder Fahey's ability to pursue his claims. *TCI*, 244 F.3d at 701.  His claims will go forward and be decided on the merits, which is preferred.  Thus, the defendants have met their burden showing that the relevant factors favor setting aside the defaults.

      I THEREFORE ORDER that plaintiff Fahey's motion to enforce the state court defaults against defendants Peiser, Daniels, and Manoff **(ECF No. 5) is DENIED**; the Wally's Defendants' motion to set aside the defaults **(ECF No. 14) is GRANTED**; and Fahey's motion to expedite ruling **(ECF No. 34) is DENIED as moot**.

      DATED this  day of August, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE