# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES FAHEY,<br><br>    Plaintiff,<br><br>v.<br><br>WALLY'S LAS VEGAS, LLC et al.,<br><br>    Defendant(s). | Case No. 2:25-cv-01044-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 50, 51, 55] |

Pending before the Court is Plaintiff's discovery plan and scheduling order and motion for special scheduling review, submitted without the agreement of Defendants.[1] Docket Nos. 50, 51. Also pending before the Court is Defendants' discovery plan and scheduling order, submitted without the Plaintiff's signature. Docket No. 55.

On August 14, 2025, the Court issued an order denying Defendants' discovery plan and scheduling order, without prejudice, for failure to comply with Local Rule 26-1(a)'s requirement that filing be made jointly. Docket No. 47. The instant filings repeat this deficiency, among others. Docket Nos. 50, 51, 55.

The discovery process is meant to be a cooperative endeavor, *see Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), and is subject to an overriding limitation of good faith, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Those same requirements apply to the creation and submission of a joint discovery plan. *See* Local Rule 26-1(a). Parties are expected to comply with the Local Rules and **cooperate** with one another to create and submit a joint discovery plan and scheduling order.

Local Rule 26-1(a) states:

---

[1] The Court liberally construes the filings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

> Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order. The plan must be formatted to permit the plan, once the court approves it, to become the scheduling order required by Fed. R. Civ. P. 16(b). If the plan sets deadlines within those specified in LR 26-1(b), the plan must state on its face in bold type, "SUBMITTED IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are proposed, the plan must state on its face "SPECIAL SCHEDULING REVIEW REQUESTED." Plans requesting special scheduling review must include, in addition to the information required by Fed. R. Civ. P. 26(f) and LR 26-1(b), a statement of the reasons why longer or different time periods should apply to the case or, in cases in which the parties disagree on the form or contents of the discovery plan, a statement of each party's position on each point in dispute.

The instant filings do not adhere to the requirement that the discovery plan be filed jointly. Docket Nos. 50, 51, 55. Defendants' proposed discovery plan and scheduling order also fails to provide a sufficient statement of reasons why longer time periods from those provided in LR 26-1(b) should apply to this case. Docket No. 55.

Additionally, Local Rule 26-1(b) outlines requirements for the form of the stipulated discovery plan. Plaintiff's proposed discovery plan and scheduling order fails to provide calendar dates for the proposed deadlines, as required by LR 26-1(b)(1)-(4). Docket No. 50.

Lastly, Local Rule IC 5-1 provides the requirements for party signatures in filings to the court. Where multiple electronic signatures are required, such as in the filing of a joint discovery plan, "the filer must obtain either the original signature or consent to apply the '/s/[name' signature of each party or attorney." Local Rule IC 5-1(d). Plaintiff's signature is absent from Defendants' proposed discovery plan and scheduling order, Docket No. 55, despite Defendants' counsel's request for Plaintiff's authorization. *See* Docket No. 55 at 10. Both parties are required to sign the joint discovery plan and scheduling order.

The parties are once again instructed to adhere to the Federal Rules of Civil Procedure and the Local Rules in all filings with the Court. Sanctions may be imposed for failure to comply with the Local Rules or any order of this court. *See* Local Rule IA 11-8.

A joint discovery plan must be filed by August 27, 2025. Accordingly, the instant filings are DENIED without prejudice. Docket Nos. 50, 51, 55.

IT IS SO ORDERED.

Dated: August 21, 2025

_____
Nancy J. Koppe
United States Magistrate Judge