# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES FAHEY, <br>     Plaintiff, <br> v. <br> WALLY'S LAS VEGAS, LLC, et al., <br>     Defendants. | Case No. 2:25-cv-01044-APG-NJK <br><br> **ORDER** <br><br> [Docket No. 90] |

Pending before the Court is Plaintiff's motion to appoint counsel. Docket No. 90. The Court does not require a response or a hearing. *See* Local Rule 78-1.

A litigant does not have a constitutional right to counsel to pursue civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request[1] an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court will request an attorney for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Here, the Court is not persuaded that requesting an attorney for Plaintiff is warranted. As a threshold matter, Plaintiff has not demonstrated that he is "unable to afford counsel" and the

---

[1] To be clear, the Court does not "appoint" counsel in civil cases. The law "does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants." *Chan v. Ryan*, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

instant motion makes no substantive effort to meet that standard. *See* 28 U.S.C. § 1915(e)(1). Further, Plaintiff has not demonstrated that exceptional circumstances exist to justify appointment of counsel. First, the matters in the case are not complex and Plaintiff has demonstrated an ability to articulate his claims. *See* Docket. Plaintiff's submission that he has experienced medical stress directly linked to litigation conduct is unavailing given that the medical visit and documentation regarding stress excused Plaintiff from one day of work. *See* Docket No. 90 at 12. Second, the Court cannot conclude that the record shows Plaintiff is likely to prevail on the merits because Plaintiff's motion makes no substantive effort to meet that standard.

Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel. Docket No. 90.

IT IS SO ORDERED.

Dated: October 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge