UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES FAHEY,<br>　　　Plaintiff,<br>v.<br>WALLY'S LAS VEGAS, LLC, et al.,<br>　　　Defendants. | Case No. 2:25-cv-01044-APG-NJK<br>**Order**<br>[Docket No. 110] |

Pending before the Court is the parties' stipulation to extend case management deadlines by 45 days. Docket No. 110.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178. "Even when a litigant is not at fault for a discovery issue that has arisen, that party is still required to protect her interests by seeking judicial relief in prompt fashion." *PlayUp, Inc. v. Mintas*, 2025 WL 315118, at *4 (D. Nev. Jan. 27, 2025) (citing *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S. D. Miss. 2001)).

     In the instant stipulation, the parties seek to extend case management deadlines by 45 days. Docket No. 110. The parties fail to include a specific statement of the discovery completed, including the dates on which it was completed, so the Court cannot determine whether the parties have been diligent. *Id.* at 2; *see* LR 26-3(a). Further, the parties also fail to include a specific description of discovery that remains to be completed. Docket No. 110 at 2; *see* LR 26-3(b).

     Accordingly, the Court **DENIES** the instant stipulation without prejudice. Docket No. 110.

IT IS SO ORDERED.

Dated: December 2, 2025

                                                                                           _____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).