why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

### A. Meet-and-Confer Requirement

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c). The meet-and-confer requirement "may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement." LR IA 1-3(f) (defining "meet and confer").

Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This is done when the parties "present to each other the

merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[5]

Here, Plaintiff seeks to compel Defendants to produce various discovery responses. Docket No. 87. However, Plaintiff's motion fails to include a certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain these disclosures without court approval. *See* Fed. R. Civ. P. 37(a)(1); *see also* Local Rule 26-6(c). Without a good-faith effort to meet and confer and a declaration setting forth the details and results of the meet-and-confer conference as to this discovery dispute, the Court will not consider the instant discovery motion. *See* Local Rule 26-6(c). Further, Plaintiff's submission that he "sent defense counsel a written meet-and-confer regarding Defendants' responses" does not satisfy the requirements of Rule 37(a) or Local Rule 26-6(c) because "[t]he exchange of written, electronic, or voice-mail communications does not satisfy" the meet-and-confer requirement. *See* Docket No. 87 at 3; *see also* LR IA 1-3(f) (defining "meet and confer"); *see also* LR IA 1-3(f)(4) ("Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion"). Additionally, the correspondence provided in Plaintiff's reply brief also do not satisfy the meet-and confer requirements for the same reason. *See* Docket No. 101 at 15-20; *see also* LR IA 1-3(f) (defining "meet and confer").

### B. Requirement to Develop Arguments

The motion also seeks a ruling without presenting meaningfully developed argument. Courts do not address arguments that are presented without sufficiently developed argument. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Discovery motions are not exempt from this requirement; simply reciting discovery requests and objections is insufficient to enable judicial resolution. *See, e.g., On Demand Direct Response, LLC v. McCart-Pollak*, 2018

---

[5] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-6(c), Local Rule IA 1-3(f).

WL 2014067, at *1 n.2 (D. Nev. Apr. 30, 2018). In the instant briefing Plaintiff fails to cite to any case law showing that he is entitled to the relief he seeks. *See* Docket Nos. 87, 88.

## II. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion to compel and motion for sanctions without prejudice. Docket No. 87, 88. Further, the Clerk is **ORDERED** to **STRIKE** Plaintiff's supplement and proposed order. Docket Nos. 121, 122.

IT IS SO ORDERED.

Dated: December 5, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge

4