UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Fahey,<br><br>    Plaintiff,<br><br>v.<br><br>Wally's Las Vegas, LLC, et al.,<br><br>    Defendant. | Case No. 2:25-cv-01044-APG-NJK<br><br>**Order**<br><br>[Docket No. 80] |

Pending before the Court is Defendant Resorts World Las Vegas, LLC's motion to compel. Docket No. 80. Plaintiff filed a response opposing the motion to compel and seeking a protective order.[1] Docket No. 82. Defendant Resorts World filed a reply. Docket No. 86.

**I.    BACKGROUND**

Plaintiff's suit arises from the alleged wrongful termination of his employment as a wine consultant and sommelier with Defendants Wally's Las Vegas, LLC and Resorts World Las Vegas, LLC. *See* Docket No. 73-2 (proposed second amended complaint). Defendant Resorts World contends that it was never Plaintiff's employer because it entered into an agreement with Wally's Wine & Spirits Nevada, LLC to open a fine dining restaurant at Defendant Resorts World's hotel in which Wally's would be responsible for all hiring and discharge of staff. *See* Docket No. 24 at 2-3.

Through the instant motion to compel, Defendant seeks to compel Plaintiff to produce various documents. Request for Production Nos. 1 through 8 seek the production of documents pertaining to Plaintiff's alleged employment with Defendant Resorts World. *See* Docket No. 80 at 2. Request for Production Nos. 12 and 13 seek the production of documents regarding Plaintiff's

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

post-termination job search. *See id.* at 2-3. Plaintiff asserts various procedural and substantive objections to the instant motion, and also seeks a protective order. *See* Docket No. 82.

**II.   STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[2] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6)

---

[2] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c).

### III.  ANALYSIS

#### A.  Meet-and-Confer Requirement

Plaintiff asserts that the instant motion is premature and not substantially justified. *See* Docket No. 82 at 5-6. Defendant submits that the motion is justified because Plaintiff has not participated in discovery in good faith. *See* Docket No. 86 at 5.

To the extent that Plaintiff is challenging the sufficiency of the pre-filing conferrals required before filing a motion to compel, the Court finds that those requirements have been satisfied here. *See* Local Rule 26-6(c). Defendant's motion included a declaration setting forth the details of the parties' October 14, 2025, meet-and-confer conference as to the instant disputes. *See* Docket No. 80 at 7-8. Further, the parties' briefing does not indicate changes in the parties' positions on these issues such that additional conferrals would have been necessary. *Cf. Garcia v.*

3

*Serv. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.7 (D. Nev. 2019) ("additional in-person or telephonic conferences are generally required when the circumstances of a discovery dispute have evolved"). Therefore, the motion is properly before the Court. Docket No. 80.

### B. Request for Production Nos. 1 through 8

These requests seek the production of production of documents pertaining to Plaintiff's alleged employment with Defendant Resorts World. *See* Docket No. 80 at 2. The documents sought include, but are not limited to, an employment identification card, emails from supervisors or employees, payroll checks, correspondence, and training materials from Resorts World. *See* Docket No. 80-3 at 4. Defendant submits that Plaintiff has refused production as to these requests on the basis that he believes the responsive documents are in the possession of Defendants. *See* Docket No. 80 at 5; *see also* Docket No. 80-7 at 2-3 (Plaintiff's October 14, 2025, email summarizing the parties' conferral). Plaintiff maintains this objection to these requests, and also contends that he has produced all items within his actual control and that compelling duplicates is disproportionate where Defendants already possess these documents. *See* Docket No. 82 at 4-5. The Court addresses each argument in turn.

First, Plaintiff cites a nonexistent case[3] for the proposition that "[a] motion to compel may not be granted where the requested documents are in the movant's possession." Docket No. 82 at 4. Plaintiff, as the party seeking to avoid discovery, bears the burden of showing why it should not be permitted. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006). Plaintiff fails to cite to additional authorities supporting this proposition; therefore, this argument fails.

Second, Plaintiff submits that he has produced or identified all items within his actual control, and therefore cannot be compelled to produce the documents at issue.[4] *See* Docket No.

---

[3] Plaintiff cites "*Hagen v. Williams*, No. 2:18-cv-00425, 2020 WL 1272618, at *2 (D. Nev. Mar. 17, 2020) (denying motion to compel where opposing party lacked control of requested documents)." However, that case name does not correspond with the docket number provided, and the database identifier and electronic report number provided does not appear to exist.

[4] Here, Plaintiff cites "*Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) ('A party cannot be compelled to produce documents it

4

82 at 4. Plaintiff contends that he has said he cannot access items such as payroll checks, W-2s, and employment identification badge photos. *See id.* at 5. Federal Rule of Civil Procedure 34(b)(2)(B) provides that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Therefore, if Plaintiff does not possess the items or documents requested, Plaintiff's responses must demonstrate the search he conducted for the documents and state that, after a diligent search, he found that he does not possess the document. *See F.D.I.C. v. 26 Flamingo, LLC*, No. 2:11-CV-01936-JCM, 2013 WL 3975006, at *3 (D. Nev. Aug. 1, 2013). However, if Plaintiff objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Because Plaintiff has failed to comply with the requirements set forth by Rule 34, this argument also fails.

Third, Plaintiff submits that compelling a duplicate production of the requested items is disproportionate because Defendants already possess the same documents. *See* Docket No. 82 at 5. Plaintiff once again cites nonexistent case law[5] for the proposition that, "[c]ompelling a pro se party to reproduce duplicates from corporate systems he cannot access is disproportionate under Rule 26(b)(1)." Docket No. 82 at 5. Beyond merely asserting that Defendants are in possession of some of the documents and items requested of Plaintiff, Plaintiff provides no additional support for his argument. Therefore, Plaintiff has not met the burden of showing why this discovery should not be permitted. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Accordingly, the motion to compel is granted as to Request for Production Nos. 1 through 8. Docket No. 80.

---

does not possess or control')." Although the case exists, the quotation provided does not appear in the order cited, and the order cited does not address a motion to compel.

[5] Plaintiff cites "*U.S. ex rel. Poehling v. UnitedHealth Grp., Inc.*, 2018 WL 845548, at *5 (C.D. Cal. Feb. 12, 2018) (granting protective order where burden outweighed benefit)." Although the case name exists, it does not correspond with the database identifier and electronic report number provided. Further, the order corresponding with the case name and date provided does not address a motion for protective order or support the parenthetical explanation provided by Plaintiff.

5

### C. Request for Production Nos. 12 and 13

These requests seek the production of documents regarding Plaintiff's post-termination job search. *See* Docket No. 80 at 2-3. Defendant submits that Plaintiff alleges he has participated in five interviews with prospective employers and has been rejected five times, but Plaintiff refuses to provide the names of these prospective employers or the dates of these interviews. *See* Docket No. 80 at 5; *see also* Docket No. 80-7 at 3. Further, Defendant contends that it is entitled to inquire into these prospective employers to properly defend itself in this case. Plaintiff's response fails to address these requests for production with any meaningful argument. *See* Docket No. 82. Plaintiff also fails to provide points and authorities to show why this discovery should not be permitted. *See id.*; *see also* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion").

Accordingly, the motion to compel is granted as to Requests for Production Nos. 12 and 13. Docket No. 80.

### D. Plaintiff's Motion for Protective Order

In Plaintiff's response to the instant motion to compel, Plaintiff requests a protective order that (1) limits Plaintiff's document production to only those documents in his actual possession, custody, or control; (2) requires Defendants to produce all emails referencing Plaintiff; and (3) ensures that any deposition of Plaintiff is conducted fairly and proportionately. *See* Docket No. 82 at 6-7. A response is not an appropriate document in which to also make a request for protective order. Further, even if the Court did consider the motion on its merits, it fails.

As to the first request for a protective order, Plaintiff's response brief to the instant motion to compel was Plaintiff's opportunity to assert this argument in objecting to the instant requests for production. As explained above, Plaintiff failed to meet his burden to object to the discovery requested. Therefore, this request fails.

As to the second and third request for a protective order, this request does not comply with the requirements for discovery motions set forth in Local Rule 26-6. First, the motion does not "set forth in full the text of the discovery originally sought and any response to it." Local Rule 26-

6

6(b). Second, the motion fails to include a declaration setting forth the details and results of the meet-and-confer conference as to this discovery dispute. *See* Local Rule 26-6(c). Therefore, if Plaintiff seeks a protective order, he must file a separate motion that complies with the Local Rules.

### E. Plaintiff's Citations to Nonexistent Caselaw

As the Court has identified herein, Plaintiff's response brief is littered with citations to nonexistent caselaw. These citations appear to be artificial intelligence ("AI") hallucinations, which occur "when an AI database generates fake sources of information." *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 493 (D. Wyo. 2025). Plaintiff is expected not to blindly rely on AI platforms' citations and to verify all authorities cited within his filings. The Court may issue sanctions for use of nonexistent citations. *See Saxena v. Martinez-Hernandez*, No. 2:22-CV-02126-CDS-BNW, 2025 WL 1194003, at *2 (D. Nev. Apr. 23, 2025) (denying motion for reconsideration after issuance of case-terminating sanctions for *pro se* plaintiff's use of AI generated cases); *see also United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025), *reconsideration denied*, No. 2:24-CR-0280-DJC, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025).

### IV.  CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to compel. Docket No. 80. Further, the Court **DENIES** Plaintiff's request for a protective order.

IT IS SO ORDERED.

Dated: December 10, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge