UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Fahey,<br><br>    Plaintiff,<br><br>v.<br><br>Wally's Las Vegas, LLC, et al.,<br><br>    Defendant. | Case No. 2:25-cv-01044-APG-NJK<br><br>**Order**<br><br>[Docket No. 84] |

Pending before the Court is Defendant Resorts World Las Vegas, LLC's motion to compel. Docket No. 84. Plaintiff filed an exhibit in response.[1] Docket No. 89. Plaintiff also filed an untimely response in opposition to the motion. Docket No. 98. Defendant Resorts World filed a reply. Docket No. 104.

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Local Rule 7-2(b) provides that "the deadline to file and serve any points and authorities in response to [a] motion is 14 days after service of the motion." Further, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed.

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Local Rule 7-2(d).

The instant motion was filed on October 21, 2025. Docket No. 84. Through the instant motion, Defendant Resorts World seeks to compel Plaintiff to provide responses to its First Set of Interrogatories. *See id.*; *see also* Docket No. 84-2. Plaintiff filed an exhibit responding to the motion, which consists solely of an email Plaintiff sent to Defendants' counsel. Docket No. 89. The email provided does not respond to Defendant's motion, but instead discusses Plaintiff's discovery requests of Defendants. *See id.* Further, Plaintiff filed a response brief on November 12, 2025, which is untimely under Local Rule 7-2(b). *See* Docket No. 98. Even if the Court were to consider the response, Plaintiff fails to address Defendant's motion with any meaningful argument. *See U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006). Plaintiff asserts that the motion is moot because the parties resolved various discovery disputes during a meet-and-confer; however, the issues identified by Plaintiff are not responsive to the instant motion. *See* Docket No. 98 at 2. Plaintiff also fails to provide points and authorities to show why the discovery requested should not be permitted. *See* Local Rule 7-2(d).

Accordingly, the Court **GRANTS** Defendant's motion to compel. Docket No. 84. Plaintiff is **ORDERED** to provide responses to Defendant Resorts World's Las Vegas, LLC's First Set of Interrogatories by December 19, 2025.

IT IS SO ORDERED.

Dated: December 10, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge