UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Fahey,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Wally's Las Vegas, LLC, et al.,<br><br>　　　　Defendant. | Case No. 2:25-cv-01044-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 125, 134] |

Pending before the Court is Defendants' motion to extend case management deadlines. Docket No. 125.  Also pending before the Court is Plaintiff's motion to extend case management deadlines.[1]  Docket No. 134.

The discovery process is meant to be a cooperative endeavor, *see Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), and is subject to an overriding limitation of good faith, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981).  A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed."  *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022).  The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Courts may also consider other

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[2]

Both parties essentially agree that an extension of case management deadlines is necessary to complete discovery. *See* Docket Nos. 125, 134. However, the parties could not agree to submit a stipulation. *See* Docket No. 125 at 2; *see also* Docket No. 134 at 2. Therefore, the Court considers each motion in turn.

Defendants' motion seeks a 60-day extension of the subject deadlines. Docket No. 125. The Court finds that good cause exists to extend the subject deadlines.

Plaintiff's motion seeks a 45-day extension of the subject deadlines. Docket No. 134. However, Plaintiff's motion, once again, fails to comply with the formatting requirements of the Local Rules.[3] The motion fails to comply with LR IA 10-1(a)(1) because the lines of text are not consecutively numbered beginning with 1 on the left margin of each page with no more than 28 lines per page. The first page of the motion is also not properly formatted as required by LR IA 10-2. Further, the motion fails to specify the dates on which discovery was completed. *See* LR 26-3(a).

Accordingly, the Court **GRANTS** Defendants' motion to extend case management deadlines. Docket No. 125. The Court **DENIES** Plaintiff's motion. Docket No. 134. The Clerk

---

[2] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

[3] The Court has previously informed Plaintiff that his filings must be properly formatted and fully in compliance with the Court's Local Rules. *See* Docket No. 119 at 2 n.2 (citing LR IA 10-1 and LR IA 10-2); *see also* Docket No. 123 at 1 n.3 (citing LR IA 10-1 and LR IA 10-2); *see also* Docket No. 130 at 6 (citing LR 7-2(d) for Plaintiff's failure to provide points and authorities); *see also* Docket No. 131 at 1-2 (citing LR 7-2(d) for Plaintiff's failure to provide points and authorities); *see also* Docket No. 132 at 1 (citing LR IA 10-1 and LR IA 10-2); *see also* Docket No. 133 at 1 (citing LR IA 10-1 and LR IA 10-2).

is **INSTRUCTED** to **STRIKE** Plaintiff's motion. Docket No. 134. Plaintiff is **ORDERED** to comply with the Local Rules and Federal Rules of Civil Procedure in all future filings. Case management deadlines are **RESET** as follows:

- Discovery cutoff: February 10, 2026
- Dispositive motions: March 10, 2026
- Joint proposed pretrial order: April 10, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: December 15, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge