James Fahey
Pro se
101 Crescent Way
Unit 2312
San Francisco CA 94134
4158456507

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES FAHEY,

    Plaintiff,

vs.

Wally's Las Vegas, LLC; Resorts World Las Vegas, LLC; John Peiser; Mercedes Stanley; Ray Daniels; Keith Bjelajac; Leah Manoff; Cinthia Pedroza; and DOES 2–10,

    Defendants.

Case No. 2:25-cv-01044-APG-NJK

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS: AND MEET-AND-CONFER CERTIFICATION**

NOTICE OF MOTION

Plaintiff James Fahey respectfully renews his motion pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36, and 37 for an order compelling Defendants to:

   1. Produce all responsive emails and electronically stored information ("ESI");

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

2. Disclose ESI search methodology, including custodians, date ranges, and search terms;

3. Serve complete and verified interrogatory responses;

4. Serve compliant responses to Requests for Admission or have them deemed admitted; and

5. Pay Plaintiff's reasonable expenses incurred in bringing this motion.

This renewed motion is based upon this Notice, the Memorandum of Points and Authorities below, Plaintiff's prior motion to compel and accompanying Exhibit A, Plaintiff's follow-up meet-and-confer summary correspondence, the pleadings and records on file, and any further matters the Court deems appropriate.

INTRODUCTION

The Court denied Plaintiff's prior motion to compel without prejudice based on formatting deficiencies and the absence of developed points and authorities. Plaintiff has now corrected those deficiencies, reformatted this motion using pleading paper, and

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

provides below a full memorandum citing controlling authority and quoting the governing rules and case law, as required by Local Rule 7-2(d).

The underlying discovery dispute has not changed. As detailed in Plaintiff's original motion to compel and Exhibit A thereto, Defendants failed to produce any responsive emails or ESI, relied on boilerplate objections, and served incomplete interrogatory and RFA responses. After a live meet-and-confer on October 27, 2025, Plaintiff sent a written follow-up email summarizing the deficiencies and confirming Defendants' continued noncompliance. Defendants did not cure the deficiencies identified. Court intervention is therefore required.

MEET-AND-CONFER CERTIFICATION

Pursuant to LR 26-6(c), Plaintiff certifies as follows:

1. On October 13, 2025, Plaintiff served a detailed written meet-and-confer letter pursuant to Federal Rules of Civil Procedure 26(g), 33, 34, 36, and 37, identifying specific deficiencies in Defendants' discovery responses and demanding

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

supplementation. That correspondence was attached as Exhibit A to Plaintiff's original motion to compel.

2. The parties thereafter met and conferred by telephone on October 27, 2025, at approximately 9:00 a.m., regarding the same discovery deficiencies.

3. Immediately following the call, Plaintiff sent defense counsel a written follow-up email summarizing Plaintiff's position, confirming the deficiencies discussed, and requesting completion of the remaining disclosures. Defendants did not provide supplementation or otherwise cure the deficiencies.

Accordingly, the meet-and-confer requirement has been satisfied, and this renewed motion is necessary.

MEMORANDUM OF POINTS AND AUTHORITIES

I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides:

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."
> Fed. R. Civ. P. 26(b)(1).

Rule 34 requires production of documents and ESI within a party's possession, custody, or control:

> "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."
> Fed. R. Civ. P. 34(b)(2)(E)(i).

When discovery responses are incomplete, Rule 37 authorizes a motion to compel:

> "A party seeking discovery may move for an order compelling disclosure or discovery."

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

Fed. R. Civ. P. 37(a)(1).

If the motion is granted, sanctions are mandatory absent substantial justification:

> "The court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion."
>
> Fed. R. Civ. P. 37(a)(5)(A).

## II. DEFENDANTS MUST PRODUCE RESPONSIVE EMAILS AND ESI

As documented in Plaintiff's original motion to compel and Exhibit A, Defendants produced no emails, texts, or other ESI whatsoever responsive to Requests for Production Nos. 1–10, despite the fact that the incidents at issue were documented primarily through electronic communications.

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

A responding party must conduct a reasonable search for responsive ESI. As the court explained:

"A party responding to discovery requests for electronically stored information must conduct a reasonable search for responsive documents."

In re Facebook PPC Adver. Litig., No. 5:09-cv-03043, 2011 WL 1324516, at *3 (N.D. Cal. Apr. 6, 2011).

Defendants' continued failure to produce responsive emails, confirmed again after the October 27, 2025 meet-and-confer and follow-up email, violates Rule 34 and warrants an order compelling production.

III. DEFENDANTS MUST DISCLOSE ESI SEARCH METHODOLOGY

Courts require transparency in ESI searches. In Apple Inc. v. Samsung Electronics Co., the court held:

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

"If a party uses keyword searches to locate responsive documents, the opposing party is entitled to know what those searches are."

881 F. Supp. 2d 1132, 1140 (N.D. Cal. 2012).

The court further explained:

"Discovery transparency requires disclosure of custodians searched, search terms used, and the time frame covered."

Id. at 1141.

Here, Defendants have disclosed no custodians, no date ranges, and no search terms, despite repeated written demands in Exhibit A and Plaintiff's October 27 follow-up correspondence. An order compelling disclosure is required.

## IV. DEFENDANTS MUST PROVIDE COMPLETE, VERIFIED INTERROGATORY RESPONSES

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS; AND MEET-AND-CONFER CERTIFICATION**

Rule 33(b)(3) requires:

> "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."
>
> Fed. R. Civ. P. 33(b)(3).

Incomplete answers are treated as failures to respond:

> "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."
>
> Fed. R. Civ. P. 37(a)(4).

As detailed in Exhibit A and reiterated during the October 27 meet-and-confer, Defendants' interrogatory responses fail to identify witnesses, decision-makers, documents relied upon, or policies allegedly violated. Supplementation is required.

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

## V. DEFENDANTS MUST PROVIDE COMPLIANT RFA RESPONSES OR HAVE THEM DEEMED ADMITTED

Rule 36(a)(3) provides:

> "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves … a written answer or objection."
> Fed. R. Civ. P. 36(a)(3).

The Ninth Circuit has held:

> "Rule 36 is self-executing, and unanswered requests for admissions are deemed admitted."
> Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981).

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

Defendants' blanket objections and denials without describing any reasonable inquiry—identified in Exhibit A and confirmed again after the October 27 meet-and-confer—justify an order compelling amended responses or deeming the RFAs admitted.

## VI. SANCTIONS ARE WARRANTED

Sanctions are appropriate where discovery failures are not substantially justified. The Ninth Circuit has held:

> "The burden is on the party facing sanctions to show that its failure to comply was substantially justified."
> Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994).

Despite written notice, a detailed Exhibit A, a live meet-and-confer, and a follow-up summary email, Defendants failed to cure the deficiencies. Sanctions are therefore warranted.

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Compel Defendants to produce all responsive emails and ESI;
2. Compel disclosure of custodians, date ranges, and search terms;
3. Compel complete, verified interrogatory responses;
4. Order proper RFA responses or deem them admitted; and
5. Award Plaintiff reasonable expenses under Rule 37.

DATED:  December 14, 2025

Respectfully submitted,

/s/ James Fahey

James Fahey

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**

Pro Se Plaintiff

**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS;AND MEET-AND-CONFER CERTIFICATION**