**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| James Fahey, | Case No. 2:25-cv-01044-APG-NJK |
| Plaintiff, | **Order** |
| v. | [Docket Nos. 140, 149] |
| Wally's Las Vegas, LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's renewed motion to compel.[1]   Docket No. 140. Wally's Defendants[2] filed a response.  Docket No. 146.  Plaintiff filed a reply.  Docket No. 150. Also pending before the Court is Plaintiff's motion to compel supplemental discovery responses. Docket No. 149.  Wally's Defendants filed a response.  Docket No. 153.  Plaintiff filed a reply. Docket No. 155.  The Court will address each motion in turn.

**I.     STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

---

[1] The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] "Wally's Defendants" refers to Defendants Wally's Las Vegas, LLC, John Peiser, Mercedes Stanley, Ray Daniels, Keith Bjelejac, and Leah Manoff.  *See* Docket No. 146 at 1.

1

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[3] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to

---

[3] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c).

## II.    DOCKET NO. 140

In the instant motion, Plaintiff requests that the Court compel Wally's Defendants to produce responsive emails and ESI, provide complete interrogatory responses, and provide compliant responses to his requests for admission. Docket No. 140 at 4-12. Wally's Defendants contend that Plaintiff's motion is substantively meritless because Plaintiff seeks information that was not within the scope of his original discovery requests. Docket No. 146 at 2. The Court has reviewed the parties' briefs, as well as the parties' respective discovery requests and responses. *See* Docket Nos. 140, 146, 150, 140-1 (exhibits containing Plaintiff's requests and Defendants' responses).

### A.  Request for Responsive Emails and ESI

Plaintiff submits that Wally's Defendants have not produced emails, texts, or ESI responsive to Plaintiff's requests for production; however, Plaintiff fails to specify the specific requests to which Defendants have not sufficiently responded. *See* Docket No. 140 at 6-7. Wally's Defendants contend that they provided supplemental responses to Plaintiff's requests following the parties' October 27, 2025, meet-and-confer. Docket No. 146 at 2. Further, Defendants' supplemental responses identify responsive documents produced as to each of Plaintiff's requests for production. *See* Docket No. 140-1 at 22-30. Additionally, in their response, Defendants explain the types of documents produced as to each of Plaintiff's requests for production. *See* Docket No. 146 at 3-4.

Therefore, the motion to compel, as it pertains to Plaintiff's request for responsive emails and ESI, is denied as moot. *See Hologram USA Inc. v. Pulse Evolution Corp.*, No. 2:14-CV-

00772-GMN-NJK, 2016 WL 3663942, at *2 (D. Nev. July 7, 2016) ("Where a party voluntarily provides the discovery that a motion to compel seeks, it moots the motion.").

### B. Request for Defendants' ESI Search Methodology

Plaintiff submits that "Defendants have disclosed no custodians, no date ranges, and no search terms despite repeated written demands." Docket No. 140 at 8. Defendants contend that this information was never part of any formal discovery request. *See* Docket No. 146 at 4.

Defendants are correct. Plaintiff's first set of requests for production does not seek Defendants' search methodology or criteria, including custodians, date ranges, or search terms. *See* Docket No. 140-1 at 2-11. The Court will not compel the production of information that was not initially requested. *See Barnum v. Equifax Info. Servs., LLC*, No. 2:16-CV-02866-RFB-NJK, 2018 WL 1245492, at *3 (D. Nev. Mar. 9, 2018). Therefore, the motion to compel, as it pertains to Plaintiff's request for Defendants' ESI search methodology, is denied without prejudice. Docket No. 140.

### C. Request for Complete Interrogatory Responses

Plaintiff submits that "Defendants' interrogatory responses fail to identify witnesses, decision-makers, documents relied upon, or policies allegedly violated."[4] Docket No. 140 at 9. Defendants contend that their original responses provided the requested information and that their supplemental responses provided further details. *See* Docket No. 146 at 4-5; *see also* Docket No. 140-1 at 44-51 (Defendants' response to Plaintiff's first set of interrogatories); *see also* Docket No. 140-1 at 55-61 (Defendants' supplemental responses). Further, in their response, Defendants explain the specific information provided as to each of Plaintiff's interrogatories. *See* Docket No. 146 at 4-5.

The Court finds that Defendants have provided sufficient responses to Plaintiff's interrogatories. Therefore, the motion to compel, as it pertains to Plaintiff's request for complete interrogatory responses, is denied. Docket No. 140. To the extent Plaintiff seeks to compel the production of information that was not initially requested, the Court will not compel such

---

[4] Plaintiff, once again, fails to specify the interrogatories to which he claims Defendants have not sufficiently responded. *See* Docket No. 140 at 8-10.

4

production. *See Barnum v. Equifax Info. Servs., LLC*, No. 2:16-CV-02866-RFB-NJK, 2018 WL 1245492, at *3 (D. Nev. Mar. 9, 2018).

### D. Request for Compliant Requests for Admission

Plaintiff submits that "Defendants' blanket objections and denials without describing any reasonable inquiry… justif[ies] an order compelling amended responses or deeming the RFAs admitted." Docket No. 140 at 11. Plaintiff, once again, fails to specify which of Defendants' responses he claims are insufficient, or why they are insufficient.

It appears that Defendants responded to each of Plaintiff's request for admissions. *See* Docket No. 140-1 at 70-80. Therefore, the motion to compel, as it pertains to Plaintiff's request for compliant requests for admission, is denied. Docket No. 140.

### E. Plaintiff's Citations to Nonexistent Caselaw

This Court has repeatedly cautioned Plaintiff not to blindly rely on AI platforms' citations and to verify all authorities cited within his filings. *See* Docket No. 130 at 7 ("The Court may issue sanctions for use of nonexistent citations"); *see also* Docket No. 142 at 3-4 ("Plaintiff is, once again, reminded that the Court may issue sanctions for use of nonexistent citations").

Despite these warnings, Plaintiff's motion is, once again, littered with citations to nonexistent caselaw. Docket No. 140 at 7, 8, 10, 11. Plaintiff cites five quotations from caselaw; however, the quotations never appear in the orders cited.[5] *See id.* Plaintiff is warned that the Court may issue sanctions for use of nonexistent citations. *See Saxena v. Martinez-Hernandez*, No. 2:22-CV-02126-CDS-BNW, 2025 WL 1194003, at *2 (D. Nev. Apr. 23, 2025) (denying motion for

---

[5] First, Plaintiff cites *In re Facebook PPC Adver. Litig.*, No. 5:09-cv-03043, 2011 WL 1324516, at *3 (N.D. Cal. Apr. 6, 2011) for the proposition that "[a] party responding to discovery requests for electronically stored information must conduct a reasonable search for responsive documents." Docket No. 140 at 7. Second, Plaintiff cites *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1140 (N.D. Cal. 2012) for the proposition that "[i]f a party uses keyword searches to locate responsive documents, the opposing party is entitled to know what those searches are." Docket No. 140 at 8. Third, Plaintiff cites *Apple Inc.*, 881 F. Supp. 2d at 1141 for the proposition that "[d]iscovery transparency requires disclosure of custodians searched, search terms used, and the time frame covered." Docket No. 140 at 8. Fourth, Plaintiff cites *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) for the proposition that "Rule 36 is self-executing, and unanswered requests for admissions are deemed admitted." Docket No. 140 at 10. Fifth, Plaintiff cites *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) for the proposition that "[t]he burden is on the party facing sanctions to show that its failure to comply was substantially justified." Docket No. 140 at 11.

reconsideration after issuance of case-terminating sanctions for *pro se* plaintiff's use of AI generated cases); *see also United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025), *reconsideration denied*, No. 2:24-CR-0280-DJC, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025).

### F. Wally's Defendants' Request for Reasonable Costs and Fees

Defendants request reasonable costs and fees incurred in responding to the instant motion. Docket No. 146 at 5. In light of Plaintiff's *pro se* status, the Court declines to award costs and fees at this time. Although the Court declines to grant Defendants' request, Plaintiff is cautioned that if he continues to bring substantively meritless motion practice, future requests for fees and costs may be granted regardless of Plaintiff's *pro se* status. *See* Fed. R. Civ. P. 37(a)(5)(B); *see also Ardds v. Martin*, No. 2:20-CV-0133-TLN-KJN P, 2024 WL 232182, at *2 (E.D. Cal. Jan. 22, 2024) (citing cases where courts have awarded discovery sanctions against indigent *pro se* litigants in the form of expenses incurred by the moving party resulting from the failure to comply with discovery); *see also Diaz v. Fox*, No. 2:14-CV-2705-JAM-CKD P, 2017 WL 5192358, at *12 (E.D. Cal. Nov. 9, 2017) (cautioning that future requests for fees and costs may be granted for failure to participate in discovery regardless of plaintiff's status as an incarcerated plaintiff proceeding *pro se* and *in forma pauperis*).

### III. DOCKET NO. 149

Plaintiff's motion to compel supplemental discovery responses is largely duplicative of Plaintiff's previous motion to compel. Docket No. 149; *see also* Docket No. 140. Plaintiff requests that the Court compel Defendants to: 1) identify first-hand witnesses to the alleged incidents; 2) confirm whether any HR investigation materials exist and produce them; 3) identify the specific policy provisions allegedly violated; 4) confirm whether any customer complaint exists and produce it if so; 5) produce anonymized comparator discipline records limited to alcohol or guest-complaint terminations; and 6) award reasonable expenses. *See* Docket No. 149 at 7. Defendants submit that the motion should be denied as procedurally premature because it was filed before meeting and conferring, as required by the Local Rules. *See* Docket No. 153 at 3-6. Further, Defendants contend that the motion is substantively meritless because Plaintiff's requests were previously responded to or supplemented upon receipt of new information. *See id.*

Plaintiff's submission that he "met and conferred in good faith by written correspondence dated December 21, 2025," does not satisfy the requirements of Federal Rule of Civil Procedure 37(a) or Local Rule 26-6(c) because "[t]he exchange of written, electronic, or voice-mail communications does not satisfy" the meet-and-confer requirement. Docket No. 149 at 3; *see also* LR IA 1-3(f) (defining "meet and confer"); *see also* LR IA 1-3(f)(4) ("Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion"). Despite this Court's previous explanations of the meet-and-confer requirements,[6] the instant motion is, once again, deficient. Docket No. 149. Therefore, Plaintiff's motion to compel supplemental discovery requests is denied without prejudice. *Id.*

## IV.    CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to compel. Docket No. 140. The Court further **DENIES** without prejudice Plaintiff's motion to compel. Docket No. 149. Plaintiff is **ORDERED** to comply with the Local Rules and Federal Rules of Civil Procedure in all future filings.

IT IS SO ORDERED.

Dated: January 15, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] *See* Docket No. 119 at 1-2 (denying Plaintiff's motion to compel without prejudice); *see also* Docket No. 123 at 2-3 (denying Plaintiff's motion to compel and motion for sanctions without prejudice).