# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

James Fahey,

     Plaintiff,

v.

Wally's Las Vegas, LLC, et al.,

     Defendants.

Case No. 2:25-cv-01044-APG-NJK

**Order**

[Docket No. 141]

Pending before the Court is a motion to compel Plaintiff's deposition and discovery responses filed by Defendants Wally's Las Vegas, LLC, Resorts World Las Vegas, LLC, John Peiser, Mercedes Stanley, Ray Daniels, Keith Bjelajac, and Leah Manoff.[1]  Docket No. 141. Plaintiff filed a response.[2]  Docket No. 143.  Defendants filed a reply.  Docket No. 144.

## I.   BACKGROUND

Plaintiff's suit arises from the alleged wrongful termination of his employment as a wine consultant and sommelier with Defendants Wally's Las Vegas, LLC and Resorts World Las Vegas, LLC.  *See* Docket No. 135 (second amended complaint).  Through the instant motion, Defendants move the Court to compel Plaintiff to produce supplemental responses to written interrogatories and document requests, appear for his deposition, and pay Defendants' fees and costs associated with the filing of this motion.  Docket No. 141.  Plaintiff submits that the motion is "unnecessary, overstated, and largely moot."  Docket No. 143 at 1.

## II.   STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598

---

[1] The instant motion was filed by all Defendants in this matter except Cinthia Pedroza, who has not yet appeared.  *See* Docket.  The Court herein collectively refers to the movants as "Defendants."

[2] The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

(1998).  When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery.  Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why it should not be permitted.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Arguments against discovery must be supported by "specific examples and articulated reasoning."  *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

"Discovery is supposed to proceed with minimal involvement of the Court."  *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests."  *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."  Local Rule 26-6(c).

## III.   ANALYSIS

In the instant motion, Defendants submit that Plaintiff has provided deficient discovery responses and refused to appear for a deposition.  Further, Defendants request expenses and costs incurred in bringing this motion.  The Court addresses each issue in turn.

### A.  Deficient Discovery Responses

Wally's Defendants[3] submit that Plaintiff has provided deficient responses to their requests for production nos. 4, 11-14, 17, 20-27, and 29, as well as their interrogatories nos. 2-15.  *See* Docket No. 141 at 6-17.  As to each request, Wally's Defendants provide the full text of the

---

[3] "Wally's Defendants" refers to Defendants Wally's Las Vegas, LLC, John Peiser, Mercedes Stanley, Ray Daniels, Keith Bjelejac, and Leah Manoff.

discovery originally sought, Plaintiff's responses, and an explanation as to why they believe the response is deficient. *See id.* In his response, Plaintiff fails to provide any meaningful argument addressing the vast majority of these discovery disputes. *See* Docket No. 143. Rather, Plaintiff merely asserts: 1) that the requests pertaining to his evidence of mitigation are moot because he produced documentation of his job search; and 2) that he has agreed to provide HIPAA authorization, "while requesting reasonable limitations as to scope, time period, and subject matter."[4] *Id.* at 5. As to the first point, Wally's Defendants contend that "Plaintiff only supplemented his responses to Defendant Resorts World's discovery requests, not those served by the Wally's Defendants." Docket No. 144 at 4. As to the second point, Wally's Defendants assert that Plaintiff has not provided medical treatment and billing records or executed the requested authorization. *See id.* at 3. Therefore, the Court declines to find these requests moot purely because Plaintiff has promised unconfirmed forthcoming discovery. *See Martinez v. Cnty. of Los Angeles*, No. 2:22-CV-06589-DSF-MARX, 2023 WL 11809536, at *11 (C.D. Cal. Sept. 29, 2023).

As to the remaining deficient requests for production and interrogatories, which Plaintiff has failed to respond to, Plaintiff's arguments are waived. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue").

Accordingly, the motion to compel is granted as to requests for production nos. 4, 11-14, 17, 20-27, and 29, and interrogatories nos. 2-15. Docket No. 141.

**B. Refusal to Appear for a Deposition**

Defendants submit that Plaintiff refuses to appear for his duly noticed deposition upon unilateral conditions that are not supported by any rule. Docket No. 141 at 20; *see also id.* at 3-6 (summarizing procedural history of these discovery disputes). Despite Wally's Defendants noticing Plaintiff's deposition to occur on October 7, 2025, Plaintiff has disputed the setting of his

---

[4] Plaintiff fails to specify what his requested reasonable limitations are and, further, provides no meaningful argument demonstrating that he is entitled to them beyond asserting that they are "routine, proportional, and consistent with discovery principles." *See* Docket No. 143 at 5.

deposition and has never worked to resolve the dispute. *See id.* at 20. In his response, Plaintiff contends that he has repeatedly stated his willingness to sit for a deposition, and "[a]t no point has refused to be deposed." Docket No. 143 at 4. Further, Plaintiff asserts that he requested that Defendants produce certain emails and communications before his deposition "to ensure accuracy and efficiency, not to avoid testimony." *Id.* Additionally, Plaintiff submits that he "remains willing to proceed with [his] deposition on reasonable terms consistent with the Federal Rules." *Id.* However, Plaintiff fails to explain what those "reasonable terms" are, and why he is entitled to condition his deposition on those terms. *See id.*

The Court finds that Plaintiff has indicated his willingness to sit for a deposition, *see* Docket No. 143 at 4, and has failed to present any meaningful argument as to why it should not proceed in person in Las Vegas, Nevada, as Defendants request. *See* Docket No. 141 at 21; *see also* Docket No. 143 at 4; *see also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"). Accordingly, the motion to compel is granted as to Defendants' request that Plaintiff appear for his in-person deposition in Las Vegas, Nevada. Docket No. 141.

### C. Defendants' Request for Sanctions

Defendants request reasonable expenses and fees incurred in bringing the instant motion. Docket No. 141 at 21 (citing Fed. R. Civ. P. 37(a)(5)(A)). Defendants submit that Plaintiff was warned that they would seek fees and costs if Plaintiff continued his refusal to supplement his deficient discovery responses and to appear for his in-person deposition. *See id.* Plaintiff did not respond to Defendants' position regarding the imposition of sanctions beyond merely asserting that the Court should decline to impose sanctions. *See* Docket No. 143 at 7.

In light of Plaintiff's *pro se* status, the Court declines to award Defendants fees and costs at this time. Although the Court declines to grant Defendants' request, Plaintiff is cautioned that sanctions may issue for his continued failure to participate in discovery, regardless of his *pro se* status. *See* Fed. R. Civ. P. 37(a)(5)(A); *see also Ardds v. Martin*, No. 2:20-CV-0133-TLN-KJN

4

P, 2024 WL 232182, at *2 (E.D. Cal. Jan. 22, 2024) (citing cases where courts have awarded discovery sanctions against indigent *pro se* litigants in the form of expenses incurred by the moving party resulting from the failure to comply with discovery); *see also Diaz v. Fox*, No. 2:14-CV-2705-JAM-CKD P, 2017 WL 5192358, at *12 (E.D. Cal. Nov. 9, 2017) (cautioning that future requests for fees and costs may be granted for failure to participate in discovery regardless of plaintiff's status as an incarcerated plaintiff proceeding *pro se* and *in forma pauperis*).

## IV.    CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motion to compel in part.  Docket No. 141. Plaintiff is **ORDERED** to provide complete responses to the ordered discovery no later than January 26, 2026.  Further, Plaintiff is **ORDERED** to sit for an in-person deposition in Las Vegas, Nevada, no later than February 10, 2026.

IT IS SO ORDERED.

Dated: January 15, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

5