**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| James Fahey,<br><br>        Plaintiff,<br><br>v.<br><br>Wally's Las Vegas, LLC, et al.,<br><br>        Defendants. | Case No. 2:25-cv-01044-APG-NJK<br><br>**Order**<br><br>[Docket No. 163] |

Pending before the Court is Plaintiff's motion to compel.[1]  Docket No. 163.  Defendants filed a response.  Docket No. 165.  Plaintiff filed a reply.  Docket No. 167.

**I.      STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery.  Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why it should not be permitted.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Arguments against discovery must be supported by "specific examples and articulated reasoning."  *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

**II.     ANALYSIS**

Plaintiff seeks to compel Defendants to produce improperly withheld discovery and provide sworn declarations concerning their failure to preserve and disclose critical evidence. Docket No. 163.  Defendants contend that Plaintiff failed to properly meet-and-confer prior to filing this motion and that the motion fails to set forth in full the text of the discovery originally sought and any response to it.  Docket No. 165.  Defendants also request an award of fees incurred

---

[1] The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

in opposing the motion. *See id.* at 6. The Court has reviewed the parties' briefs, as well as the attached exhibits reflecting the meet-and-confer process. *See* Docket Nos. 163, 165, 167.

### A. Meet-and-Confer Requirement

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c). The meet-and-confer requirement "may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement." LR IA 1-3(f) (defining "meet and confer").

Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the

informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[2]

Despite the Court's previous orders explaining the meet and confer requirements, Plaintiff, once again, has failed to comply. *See* Docket Nos. 123 at 2-3, 130 at 3-4, 156 at 2-3, 157 at 2. Plaintiff attached an exhibit labeled as a "Meet & Confer Summary," which consists solely of emails exchanged between the parties. *See* Docket No. 163-5. These email exchanges fail to set forth the details and results of the meet and confer conference about each disputed discovery request. *See id.*; *see also* LR 26-6(c). Rather, the emails reflect that the parties abandoned their February 6, 2026, meet-and-confer because Plaintiff was unprepared to identify which specific requests, from which of the several sets of written discovery, he contended were outstanding. *See* Docket No. 163-5 at 17 (Defendants' counsel's February 6, 2026, email summarizing the meet-and-confer); *see also id.* at 14 (Defendants' counsel's February 6, 2026, follow-up email indicating a willingness to continue the meet-and-confer as long as Plaintiff identified the particular requests he was disputing); *see also* id. at 8 (Plaintiff's February 6, 2026, email stating, "To avoid any further confusion … I will proceed on our next call using a structured agenda based on the specific Requests and Responses already identified").

The parties reconvened on February 9, 2026; however, Plaintiff's email summarizing the meeting is not a declaration, as required by the Local Rules. *See* LR 26-6(c); *see also* LR IA 1-3(f)(2). Further, Plaintiff's email does not "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170; *see* Docket No. 163-5 at 2 (Plaintiff's February 9, 2026, email). Plaintiff's email merely summarizes Defendants' positions as to whether they sufficiently responded to the various requests. *See* Docket No. 163-5 at 2. There is no indication that the parties "present[ed] to each other the merits of their respective positions with the same

---

[2] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-6(c), Local Rule IA 1-3(f).

3

candor, specificity, and support during the informal negotiations as [is expected] during the briefing of discovery motions." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993) (citation modified). The email appears to corroborate Defendants' contention that the February 9, 2026, meet and confer was incomplete. *See* Docket No. 165 at 5.

## B. Requirement to Develop Arguments

The Court has also previously explained that courts do not address arguments that are presented without sufficiently developed argument. *See* Docket Nos. 123 at 3-4, 130 at 6, 157 at 3-4; *see also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Discovery motions are not exempt from this requirement; simply reciting discovery requests and objections is insufficient to enable judicial resolution. *See, e.g., On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 n.2 (D. Nev. Apr. 30, 2018).

The instant motion, once again, fails to present sufficiently developed arguments. For example, Plaintiff submits that Defendants provided insufficient responses to request for production nos. 1-5 and 45 because they "failed to produce complete underlying video footage or documentation reflecting how such footage was reviewed, evaluated, or relied upon." Docket No. 163 at 6; *see also id.* at 11. Plaintiff challenges the sufficiency of Defendants' responses to six distinct requests for production but fails to specify why each response was insufficient. This is just one of the several issues for which Plaintiff seeks relief but fails to provide sufficient argument. *See* Docket No. 163.

## C. Defendants' Request for Fees

The Court declines to award Defendants fees incurred in opposing Plaintiff's motion.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to compel. Docket No. 163.

IT IS SO ORDERED.

Dated: March 13, 2026.

Nancy J. Koppe
United States Magistrate Judge

4