# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES FAHEY,

    Plaintiff

v.

WALLY'S LAS VEGAS, LLC, et al.,

    Defendants

Case No.: 2:25-cv-01044-APG-NJK

**Order (1) Denying Plaintiff's Motion for Summary Judgment, (2) Denying Without Prejudice Defendants' Motion to Dismiss**

[ECF Nos. 61, 145]

Plaintiff James Fahey worked as a wine sommelier at defendant Wally's Las Vegas, LLC's restaurant, located in defendant Resorts World Las Vegas, LLC's hotel and casino. Wally's fired Fahey after an incident in which he allegedly drank alcohol outside Wally's but while still inside Resorts World, in violation of Wally's alcohol policy. Fahey disputes he violated the policy because he was off the clock and off Wally's premises when he tasted wine samples provided by a manager. He alleges various claims against Wally's, Resorts World, and several of their employees.

Fahey moves for summary judgment, contending there is no dispute that he was off duty and off Wally's premises when he was tasting wine samples, and that Wally's cannot lawfully terminate him for conduct that took place off the clock and outside the workplace. He also asserts that tasting wine samples was lawful, part of his job duties, expressly requested by his management, and consistent with standard industry practice for sommeliers.

The defendants oppose and separately move to dismiss. In response to the summary judgment motion, the defendants argue that Fahey's motion is premature as it was filed only a few days after the defendants filed a proposed discovery plan and that it should be denied because it lacks any legal points and authorities. On the merits, they dispute that Fahey was off

duty or off the premises.  They present evidence that Fahey was drinking on what they consider the workplace premises and before he finished closing procedures.  They assert he was thus properly terminated for violating the alcohol policy and that there is no public policy that would support a wrongful termination claim under these facts.

In the defendants' motion to dismiss the second amended complaint, they argue that each claim (except the claim for failure to provide his employment records) fails as a matter of law for various reasons, including that Fahey was an at-will employee, there is no evidence he was terminated based on a protected category or in violation of a recognized public policy, and he never filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  Fahey opposes dismissal and alternatively requests leave to amend where necessary.

I deny Fahey' summary judgment motion because he did not file points and authorities supporting his motion, and he thus consents to the motion being denied and fails to tie facts to elements of his claims to show he is entitled to judgment as a matter of law.  I deny without prejudice the defendants' motion to dismiss because the parties are in the midst of summary judgment briefing, so I will later address the defendants' arguments in relation to their summary judgment motion.

**I.  I deny Fahey's summary judgment motion because he did not file points and authorities.**

Fahey's summary judgment motion cites only Federal Rule of Civil Procedure 56.  Under Local Rule 7-2(d), a moving party's failure "to file points and authorities in support of the motion constitutes a consent to the denial of the motion."  Fahey thus consents to the denial of his summary judgment motion.  Additionally, because he does not cite to any legal authority, he does not connect the facts he believes are important to the elements of any of his legal claims.

Therefore, Fahey has not met his initial burden under Rule 56 to identify the facts necessary for the "essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020). When, as here, "the moving party also bears the burden of persuasion at trial, to prevail on summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (quotation omitted). But without setting forth the elements of each claim, Fahey has not met his burden to show no reasonable jury would be free to rule against him. I therefore deny his summary judgment motion.

**II.  I deny the defendants' motion to dismiss without prejudice.**

I deny the defendants' motion to dismiss without prejudice because the parties are currently briefing the defendants' motion for summary judgment. *See* ECF Nos. 171; 174. I therefore will address the parties' arguments when ruling on that motion.

**III.  Conclusion**

I THEREFORE ORDER that plaintiff James Fahey's motion for summary judgment **(ECF No. 61) is DENIED**.

I FURTHER ORDER that the defendants' motion to dismiss **(ECF No. 145) is DENIED without prejudice**.

DATED this 19th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE